UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DUONE MORRISON,

                Plaintiff,

        -v-

NAPOLI, Superintendent; JOHN DOE,
Assistant Deputy Superintendent for
Security 9/25/09; JOHN DOE, Watch
Commander on the date 9/25/09;
HERRICK, Sergeant; OCLAY, Sergeant;
VAUGHN, Correction Officer;  ROBYCK,
Correction Officer; and C.O. STROMAN,
sued individually,

              Defendants.

---

**DECISION AND ORDER**
12-CV-0542-A

## **INTRODUCTION**

Upon filing of the *pro se* complaint (Docket No. 1) and application to proceed *in forma pauperis* and Prison Authorization Form (Docket No. 2), the Court (Hon. Michael A. Telesca) granted plaintiff permission to proceed *in forma pauperis*.  Upon review of the complaint, pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A, the Court: (1) dismissed with prejudice the First Claim[1] of the complaint and that part of the Third Claim to the extent it alleged that plaintiff was placed on a restrictive diet in violation of the Sixth and Fourteenth Amendments to the United States Constitution; and (2) granted plaintiff leave to file an

---

[1]Plaintiff uses the term "cause of action" in enumerating his claims in the complaint and amended complaint; the Court used and will use the term "claim."

amended complaint with respect to (i) that part of the Third Claim to the extent it alleged that plaintiff was placed on a restrictive diet in violation the First Amendment, and (ii) the Fourth Claim which alleged an Eighth Amendment ("torture") claim.  The Court also directed that if plaintiff did not file an amended complaint by the date set forth in the Order (May 1, 2013), the two claims that he was granted leave to file an amended complaint on would be dismissed with prejudice, pursuant to 28 U.S.C. § § 1915(e)(2)(ii) and 1915A, and the Clerk of the Court would direct the Marshals Service to serve the summons and complaint on defendant Stroman as to the remaining claim--the Second Claim alleging a denial of a bed pan or urinal in violation of the Eighth Amendment.  (Docket No. 3, Decision and Order.)

Plaintiff did not file an amended complaint and the summons and complaint was served on Stroman.  (Docket No. 4.)  Stroman filed an answer and at a Rule 16 telephonic Scheduling Conference held by United States Magistrate Judge Jeremiah J. McCarthy, to whom the case had been referred pursuant to 28 U.S.C. § 636(b)(1)(A)-(C), plaintiff informed the Court that he had not received the Court's initial Decision and Order granting him leave to amend.  (Docket No. 9, Minute Entry.)  Magistrate Judge McCarthy adjourned the conference and advised plaintiff that the Court would inquire into the matter. (*Id.*)  At the next conference, the Court advised plaintiff that it would direct the Clerk's Office to mail him a copy of the Decision and Order and provide him an opportunity to file

an amended complaint.  (Docket No. 10, Minute Entry.)  A Text Order was entered noting that, upon the agreement of the parties at the conference, plaintiff could file an amended complaint and defendants reserved their rights to answer or otherwise move against the amended complaint.  After an extension of time to file an amended complaint and additional conferences, plaintiff filed an amended complaint on January 2, 2014.  (Docket No. 16.)

The Court will now review the amended complaint, pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A, in the same manner it would have if plaintiff had filed an amended complaint as directed in the initial Decision and Order.[2]

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of the amended complaint and provide that the Court shall dismiss any action or appeal that is frivolous or malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant immune from such relief.[3]  In evaluating the amended complaint, the

---

[2]The Court notes that its usual practice is to review (screen) amended complaints, pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A, that are filed in response to an order granting leave to amend that is entered upon initial review (screening) of a complaint pursuant to § § 1915(e)(2)(B) and 1915A.

[3]28 U.S.C. § 1915(e)(2)(B) provides that:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case *at any time* if the court determines that--
(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

## A. Amended Complaint

1. <u>Plaintiff's Claims</u>

Plaintiff alleges that on September 22, 2009, while incarcerated at Southport Correctional Facility, he was placed on a "contraband watch" and on

---

(Emphasis added).

§ 1915A provides in pertinent part that:

(a) Screening.--The court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

4

September 23, 2009, he notified defendant C.O. Vaughn that he had to defecate but he was forced to wait by Vaughn.  He claims that Vaughn told him to leave him alone and that the last time he tried to use the bathroom he was not able to defecate so he would need to wait another three hours until the next shift. Plaintiff began to bang on his cell and when defendant Sergeant Herrick came to the cell, plaintiff told him he had to use the bathroom and Herrick responded "[you] won't get nowhere by being a [jerk]."  At approximately 8:30 pm, an hour and one-half after he first told Vaughn he needed to use the bathroom, plaintiff was escorted from one cell block area to another by Vaughn so he could use the bathroom.  After plaintiff defecated, Vaughn advised him that the amount was not sufficient.  Plaintiff defecated again later in the early morning and no contraband was found.  (Amended Complaint, ¶ ¶ 16-33.)

Plaintiff claims that after receiving three Ramadan meals during the evening of September 24, 2009, he defecated two more times and both times the amount was noted as insignificant.  Because you need two significant "defecations" with no contraband found before being removed from contraband watch, plaintiff believed that correctional staff was making a "concerted effort" to retaliate against him by claiming his defecation was insignificant in order to keep him on contraband watch.  He then became "extremely agitated" and banged on the cell door for a couple of hours.  When Stroman came on duty in the morning of September 25, plaintiff repeatedly asked him for a urinal but his requests were

denied.  He claims he thus "had no choice" and urinated on the floor under the door and into the gallery so the urine would not remain in his cell.  Later that day Stroman filed a misbehavior report charging plaintiff with an unhygienic act and plaintiff was placed on a restricted diet authorized by John Doe Watch Commander.  Plaintiff claims that the report was fabricated.  Another deprivation order was issued, denying plaintiff exercise, showers, haircuts and the ability to clean his cell.  (Amended Complaint, ¶ ¶ 34-42.)

After initially refusing to eat the diet loaf provided on September 25 because he "entered into a suicidal depression," plaintiff eventually ate the loaf on the morning of September 26, 2009.  Between September 26 and 29, plaintiff claims that he refused to eat for long periods of time but each day eventually ate the loaf and he went three full days without defecating due to his "sporadic eating and depression."  At 10 a.m. on September 29, plaintiff for the fourth time since September 24, defecated an amount that was insignificant.  (Amended Complaint, ¶ ¶ 44-50.)  This cycle of refusing to eat and eating continued until September 30, when  plaintiff was taken on an outside trip to see a mental health provider.  Later that day, after being brought to medical, he was removed from contraband watch without "ever providing an alleged 'significant' amount of feces for the second time."  (*Id.*, ¶ ¶ 53-55.)

Plaintiff claims that following this "torture[]," he was placed back in the same cell block or area where the mistreatment began initially and he attempted

suicide by hanging himself due to the "psychological effect the torture" had on

him.  On October 2, plaintiff was seen by a mental health provider and she

recorded that plaintiff had told her "I am done. Its all over and I just can't go on."

He was then transferred to Elmira Correctional Facility.  (Amended Complaint, ¶ ¶

56-57.)

Based on these facts, the amended complaint sets forth four Claims

(Causes of Action, *see* n.1).  The First Claim is the former Second Claim of the

initial complaint, which was allowed to proceed initially, and alleges that

Correctional Stroman denied plaintiff a bed pan or urinal on September 25, 2009

(Amended Complaint, ¶ 58).  The Second Claim is the former Third Claim of the

complaint and again alleges that plaintiff was placed on a restrictive diet during

Ramadan and as a form of punishment without due process in violation of the

First, Sixth and Fourteenth Amendments.  (*Id.*, ¶ 59-60).  The Third Claim is the

former Fourth Claim of the complaint and alleges that plaintiff was physically and

mentally tortured in violation of the Eighth Amendment. (*Id.*, ¶ 61).  The Fourth

Claim, a new claim, alleges that the supervisory defendants--Napoli,

Superintendent; John Doe, Assistant Deputy Superintendent of Security; John

Doe, Watch Commander; and Sergeants Herrick and O'Clay--are liable for the

acts alleged in the amended complaint because they were responsible for the

defendants employed at Southport and for the operation, management and

supervision of employees at Southport.  (*Id.*, ¶ 62). For the following reasons, the

7

Second and Fourth Claims, in their entirety, and the Third Claim as against

Napoli, John Doe Assistant Deputy Superintendent of Security, M. Shea, John

Doe Watch Commander and Sergeant O'Clay are dismissed with prejudice for

their failure to state a claim upon which relief can be granted.  The Third Claim to

the extent it alleges a violation of the Eighth Amendment against defendants

Stroman, Herrick, Vaughn, and Robyck will proceed to service at this time.[4]

        (a.).  Dismissal of Second Claim

The Second Claim alleges that plaintiff was placed on a restricted diet in

violation of his First Amendment rights to freely practice his religion.  It also

alleges that plaintiff was placed on the restricted diet in violation of his Sixth and

Fourteenth Amendment rights because it occurred without due process.  The

Sixth and Fourteenth Amendment claims have been dismissed previously with

prejudice and the Court finds no basis to reconsider that determination at this

time.  (Docket No. 3, Decision and Order, at 7-8.)

The initial Decision and Order granting plaintiff leave to file an amended

complaint with respect to the First Amendment claim stated that plaintiff did not

---

[4]*See, e.g.*, *McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982)); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact.  Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

In allowing these claims to proceed and directing a response to them, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

allege how the restricted diet "interfered with his religious practices" but that he would be granted leave to amend "whereby [he] can allege facts demonstrating *how* the restricted diet abridged his right to freely practice his religion, *i.e.*, how the components of the restricted diet or the time(s) at which it was served, violate[d] the tenets of his religion."  (Decision and Order, at 6-7 (emphasis supplied in original).)  The amended complaint fails again to allege an actionable violation of plaintiff's First Amendment right to freely practice his religion.

The only material fact set forth in the amended complaint relating to plaintiff's religious practices is that he was placed on a restricted diet during Ramadan.  In order to prevail on a First Amendment claim, a plaintiff would have to show that the beliefs professed were "sincerely held" and that the challenged practice or policy burdened his exercise of those beliefs.  *See Ford v.McGinnis*, 352 F.3d 582, 588, 591 (2d Cir. 2003).  Plaintiff, after two attempts, has failed to allege a violation of the First Amendment and this claim must be dismissed with prejudice.

(b.) Dismissal of Part of Third Clam and Fourth Claim in its entirety

To the extent that plaintiff alleges in the Third and Fourth Claims that supervisory officials at Southport are liable for the constitutional violations alleged because they allowed or condoned their officers to "administer physical and mental torture" (Amended Complaint, at ¶ 61), and because they are "responsible for the defendants employed by [DOCCS] working in Southport . . . and for the

9

operation, managment and supervision of employees to insure the enforcement and administration of [DOCCS] Policies, Rules and Regulations in the day to day operations of the facility . . ., said claims must be dismissed because they fail to state a claim upon which relief can be granted against said officials/defendants.

Plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978). "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim." *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Instead, a showing of some personal responsibility on the part of an employer is required. In the case of an individual defendant, plaintiff must show that the defendant was personally involved in a constitutional deprivation, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing subordinates, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *see also Colon*, 58 F.3d at 873 (setting forth five categories under which a supervisory official may be personally involved for liability under § 1983).

Because these claims fail to demonstrate the supervisory defendants' personal involvement in the alleged constitutional deprivation, the claims against

10

against Napoli, John Doe Assistant Deputy Superintendent of Security, M. Shea,

John Doe Watch Commander, and Sergeant O'Clay are dismissed with

prejudice.

## ORDER

IT IS HEREBY ORDERED that the Second and Fourth Claims set forth in

the amended complaint are dismissed with prejudice, in their entireties, and that

the Third Claim as against as against defendants Napoli; John Doe Assistant

Deputy Superintendent of Security; M. Shea; John Doe Watch Commander; and

Sergeant O'Clay are dismissed with prejudice, pursuant to 28 U.S.C. § §

1915(e)(2)(B)(ii) and 1915A;

FURTHER, that the Clerk of the Court is directed to terminate defendants

Napoli; John Doe Assistant Deputy Superintendent of Security; M. Shea; John

Doe Watch Commander; and Sergeant O'Clay as parties to this action;

FURTHER, that the Clerk of the Court shall cause the United States

Marshals Service to serve the Summons and Amended Complaint, along with a

copy of this Order, upon defendants Sergeant Herrick, C.O. Vaughn and C.O.

Robyck without plaintiff's payment therefor, unpaid fees to be recoverable if this

action terminates by monetary award in plaintiff's favor;[5] and

---

[5]Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.LR. § 312-a.

Stroman is directed to answer the amended complaint as directed in Fed.R.Civ.P. 15(a)(3).

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the amended complaint.

**IT IS SO ORDERED.**

_____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  May 21, 2014